Filed 8/17/21  P. v. McKandes CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BERNARD MCKANDES,<br><br>　　　Defendant and Appellant. | B305304<br><br>(Los Angeles County<br>Super. Ct. No. A378904) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Reversed and remanded.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Bernard McKandes (defendant) appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1] The Attorney General concedes a remand for further section 1170.95 proceedings in the trial court is required because the court should have appointed counsel for defendant before ruling on his petition. We will reverse and remand for that reason.

Defendant pled guilty to a second degree murder charge in 1985 and admitted a personal use of a firearm sentencing allegation (§ 12022.5). The trial court sentenced him to 17 years to life in prison. Decades later, defendant filed a section 1170.95 petition alleging he pled guilty believing he could have been convicted at trial of murder pursuant to the felony murder rule or the natural and probable consequences doctrine. The trial court—without first appointing counsel for defendant—denied his section 1170.95 petition. This is the trial court's stated rationale that appears in a minute order: "The court has read and considered defendant's petition pursuant to . . . section 1170.95 (SB1437). [¶] [The] petition is denied. Defendant admitted personally using [a] firearm in [the] commission of the murder within the meaning of . . . section 12022.5(a)."

Our Supreme Court recently held a trial court must appoint counsel upon the mere filing of a facially sufficient section 1170.95 petition. (*People v. Lewis* (July 26, 2021, S260598) ___ Cal.5th ___ [2021 Cal. LEXIS 5258].) The trial court did not appoint counsel here, and that was error. The Attorney General does not argue the error can be deemed

---

[1] Undesignated statutory references that follow are to the Penal Code.

2

harmless; to the contrary, the Attorney General concedes a remand is required because defendant's admission of the firearm use sentencing allegation does not necessarily mean he was the victim's actual killer. Without grounds to find the error harmless on appeal, we agree reversal is required.

Our disposition is as follows: The order denying defendant's section 1170.95 petition is reversed and the matter is remanded with directions to appoint counsel for defendant and to thereafter proceed consistent with section 1170.95, subdivisions (c) through (e).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

3